## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### Springfield Division

JOHN TYTULA                                  :          CIVIL ACTION
62 Bunyan Road                               :
Monson, MA 01057                             :
                                             :
                      Plaintiff              :
        vs.                                  :
                                             :
CONSOLIDATED RAIL                            :
CORPORATION                                  :
Two Commerce Square                          :
2001 Market Street                           :          JURY TRIAL DEMANDED
Philadelphia, PA 19101                       :
                                             :          FILING FEE PAID:
                                             :          RECEIPT # 30 59 74
        and                                  :          AMOUNT $ 250.00
                                             :          BY DPTY CLK  MLM
CSX TRANSPORTATION INC.                      :          DATE  6/17/05  .
3800 Centre Square West                      :
Philadelphia, PA 19102                       :          05 - 30143 - KPN
                                             :
                      Defendants             :          NO.

### COMPLAINT

1.      The Plaintiff, John Tytula, is a competent adult individual residing at 62 Bunyan

Road, Monson, Massachusetts 01057.

2.      The Defendant, Consolidated Rail Corporation, is a corporation which is authorized

to do and in fact does substantial business within the jurisdiction of the United States District

Court for the District of Massachusetts, organized and existing under the laws of the

Commonwealth of Pennsylvania and whose principal place of business and address for service of

process is Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19101.

3.     The Defendant, CSX Transportation Inc., is a corporation which is authorized to do and in fact does substantial business within the jurisdiction of the United States District Court for the District of Massachusetts, organized and existing under the laws of the State of Virginia, and whose address for service of process is to John J. Barrett, Jr., Esquire, c/o Saul Ewing, 3800 Centre Square West, Philadelphia, Pennsylvania 19102.

4.     This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

5.     At all times material hereto, the Defendant, Consolidated Rail Corporation, Inc., was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, Pennsylvania and other states of the United States.

6.     At all times material hereto, the Defendant, CSX Transportation, Inc., was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, Pennsylvania and other states of the United States.

7.     At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

8.     At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by Defendants and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

- 2 -

9.    All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

10.    The Plaintiff has been employed by the Defendants from 1976 through and including the present as a ballast regulator operator and, while working within the scope of his employment in and around West Springfield, Massachusetts, was exposed to occupational risk factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward wrist posture.

11.    Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendants and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

   a)    failure to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

   b)    failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

   c)    failure to comply with safety and operating rules and regulations of the Defendants;

   d)    forcing the Plaintiff to work under hurried and/or awkward conditions;

   e)    negligence of the Defendant's agents, servants, workmen and/or employees; and

- 3 -

f)    negligence at law; and

g)    otherwise failing to exercise due and adequate care under the
circumstances including, but not limited to, a lack of adequate manpower.

12.    The Defendants have a duty to provide a reasonably safe place to work.  They
have a non-delegable duty to insure that the Plaintiff had adequate qualified assistance to perform
the functions of his work without unnecessary risk of injury to himself.  The Defendants have a
duty to provide a sufficient number of employees to perform assigned work, and their failure to
provide adequate assistance can be a breach of their duty to provide a safe place for the Plaintiff
to work, and will entitle the Plaintiff to a recovery against the Defendants if any such failure was a
cause, in whole or in part, of the injuries claimed by the Plaintiff.

13.    As a direct result of the Defendant's negligence, through their agents, servants,
workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

14.    On or about June 19, 2002, the Plaintiff was diagnosed with occupational carpal
tunnel syndrome.

15.    As a direct result of the Defendant's negligence, through their agents, servants,
workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and
occupations, all of which caused substantial financial loss and all of which may and probably will
continue in the future.

16.    As a direct result of the Defendant's negligence, through their agents, servants,
workmen and/or employees, the Plaintiff has been and may continue to be required to receive
and undergo medical treatment and medical care, including surgery, and has incurred reasonable
and necessary medical expenses, all of which may and probably will continue in the future.

- 4 -

17.    As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

HANNON & JOYCE

Dated: 1/16/05

BY:

THOMAS J. JOYCE, III, ESQUIRE
Attorney for Plaintiff
Public Ledger Bldg - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 1/16/05

MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

- 5 -

✎JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** John Tytula
62 Bunyan Road
Monson, MA 01057

**DEFENDANTS** Consolidated Rail Corporation
Two Commerce Square
2001 Market Street
Philadelphia, PA 19101
(see attached)

**(b)** County of Residence of First Listed Plaintiff **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**
HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)

**05-30143-KPN**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgement | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51-60 et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE 6/16/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Additional Defendant:

    CSX Transportation Inc.
    3400 Centre Square West
    Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) John Tytula vs. Consolidated Rail Corporation

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

[ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

[X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

[ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

[ ]  V.    150, 152, 153.

## 05 - 30143 - KPN

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]   NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                    YES [ ]   NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]   NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]   NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES [ ]   NO [X]

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?
        Eastern Division [ ]        Central Division [ ]        Western Division [X]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                                    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Michael J. McDevitt
ADDRESS LAWSON & WEITZEN, LLP, 88 Black Falcon Ave., Ste. 345, Boston, MA 02210
TELEPHONE NO. (617) 439-4990

(Coversheetlocal.wpd - 10/17/02)